**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: June 3 2014

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Robert E. Logan | ) | Case No. 12-32060 |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | Adv. Pro. No. 13-3032 |
| Douglas A. Dymarkowski, Trustee, | ) | |
| | ) | Judge John P. Gustafson |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Robert E. Wurst, Denis C. Logan and | ) | |
| Sandra K. Logan, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF DECISION AND ORDER REGARDING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT ROBERT E. WURST

This Adversary Proceeding is before the court on Plaintiff's unopposed Motion for Summary Judgment [Doc. #23]. Plaintiff is the Trustee in the underlying Chapter 7 case filed by Debtor Robert E. Logan on April 30, 2012. In the Trustee's Complaint [Doc. #1], Plaintiff seeks to avoid a security interest granted to Robert E. Wurst in a 2006 Harley

Davidson FXD35 motorcycle (VIN # 1HD1GW1136K301805) as a fraudulent conveyance under §§548 and 544 ["First Cause of Action"], and as a preferential transfer under 11 U.S.C. §547 ["Second Cause of Action"].

The Complaint alleges that Robert Wurst was the father-in-law of the Debtor. Complaint, ¶5 [Doc. #23]. Robert Wurst did not deny that allegation.

The Complaint states that jurisdiction and venue are proper. It does not allege that the proceeding is core under 28 U.S.C. §157(a).[1]

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. §157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine avoidance of fraudulent conveyances and preferential transfers are core proceedings that the court may hear and decide. 28 U.S.C. §157(b)(1) and (b)(2)(F) and (H). For the reasons that follow, Plaintiffs' Motion will be denied.

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In reviewing a motion for summary judgment, however, all reasonable inferences "must be viewed in the light most

---

[1]/ Federal Rule of Bankruptcy Procedure 7008(a) requires that a complaint commencing an adversary proceeding state whether the proceeding is core or non-core.

favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. Id. Although a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Rule 56 before granting the motion. *See, Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir.1992); *In re Weldon Stump & Co.*, 383 B.R. 435 (Bankr. N.D. Ohio 2008).

In the First Cause of Action, the allegation is made that the security interest was granted on January 5th. The year is not stated, but Exhibit A is referenced, which is a Memorandum of Title reflecting that a lien was placed on the 2006 Harley Davidson motorcycle on 01/05/12. The Complaint further alleges that Robert Wurst (as the Debtor's father-in-law) was an insider under 11 U.S.C. §101(31), and the transfer was made within two years of the Debtor's bankruptcy filing. Plaintiff alleges that the transfer was made with

3

the intent to hinder, delay or defraud Debtor's creditors, that no new consideration was received, and that the Debtor was insolvent or became insolvent shortly after the transfer was made. Accordingly, the Complaint alleges that the transfer may be avoided under §§548 and 544.

The Second Cause of Action restates all of the previous allegations, which would include the insider status of the Defendant and the allegation that the Debtor was insolvent at the time of the transfer of the security interest in the motorcycle or became insolvent shortly thereafter. Again, the Complaint states the date of the transfer as January 5th, and asserts that the transfer of the security interest was a "preferential payment" on account of an antecedent debt. Plaintiff further pleads that the preferential transfer of the security interest would allow the Defendant, Robert Wurst, to receive more than he would have received in the Chapter 7, if the transfer had not been made.

No affidavits have been filed in this adversary case by any party.

In response to the Complaint, the Defendant, Robert E. Wurst, filed a document *pro se* stating in pertinent part that "in May of 2011, Mr Logan wanted to buy a Harley Davidson motorcycle, and I agreed to extend the loan for the purchase price of the motorcycle, and I agreed to extend the loan for the motorcycle in the amount of $12,800. The motorcycle was put in Mr. Logan's name for insurance purposes originally, but a few months later, I chose to put a lien on the motorcycle to protect my interest in the agreement." Defendant Robert E. Wurst's response was docketed as an Answer to the Complaint [Doc. #13]. "A pro se pleading such as Defendant's answer, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estell v. Gamble*, 429 U.S.

4

97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)." *In re Wagner*, 2012 WL 1605945 (Bankr. N.D. Ohio May 8, 2012)(Whipple, J.).

A Motion for Summary Judgment was filed by the Chapter 7 Trustee. No response was filed by Defendant Robert E. Wurst.

The Motion for Summary Judgment asserts that jurisdiction and venue are proper, and that this Adversary is a core proceeding. The Motion seeks Summary Judgment on both the first and second causes of action against Defendant.

It is unclear from the Motion whether the Trustee is seeking Summary Judgment based upon §548(a)(1). The Complaint appears to focus on allegations that would make the granting of the security interest an intentionally fraudulent transfer. The Complaint alleges a specific intent to hinder delay or defraud creditors. The elements of a "constructively fraudulent"[2] transfer may be present in the Complaint, and §548(a)(1)(B) is quoted in the Motion for Summary Judgment, but the Second Cause of Action's allegations appear to be directed toward relief under §548(a)(1)(A). Moreover, the Conclusion to the Motion for Summary Judgment only seeks relief under Section 547, the preferential transfer provision.

The question as to whether relief is being sought under Section §548(a)(1)(A) or §548(a)(1)(B), or both, does not require further discussion as the Trustee could not prevail on Summary Judgment under either subsection.

The Complaint focuses on the fact that "Debtor received no new consideration from Defendant Robert Wurst in exchange for the Transfer." Complaint, at ¶12 [Doc. #1].

---

[2]/ A constructively fraudulent transfer is avoidable under the same Code section, but a different subsection: §548(a)(1)(B) instead of §548(a)(1)(A). Section 548(a)(1)(B) is essentially a mechanical test that does not require any wrongful intent.

5

However, the statute, §548(a)(1)(B), uses a specific term: "less than reasonably equivalent value". That phrase contains a word - "value" - that has a defined meaning under the Bankruptcy Code.

"Value" is defined as "property, or satisfaction or securing of a present *or antecedent debt* of the debtor." 11 U.S.C. §548(d)(2)(A). The "value" each party receives in securing an antecedent debt are, for the debtor, the monies that were loaned to the debtor, and for the creditor it is the granting of the lien to secure repayment of the loan. Even if the giving of the loan was 'past consideration', under the definition of "value" in §548(d)(2)(A) that previous loan of monies to the Debtor to purchase the motorcycle can serve as "reasonably equivalent value" for the transfer of the lien to provide a security interest for the repayment of monies actually loaned.

Defendant Wurst's Answer asserts that a loan was made to the Debtor, and that Wurst subsequently took action to secure that loan. No evidence has been submitted to contradict Defendant Wurst's Answer.

The case law makes it clear that transfers may not be avoided under §548(a)(1)(B) merely because the consideration consists of securing antecedent debt. *See, Pereira v. Dow Chem. Co. (In re Trace Int'l Holdings, Inc.)*, 287 B.R. 98, 110 (Bankr. S.D.N.Y. 2002)("Payment of antecedent debt ... constitute[s] sufficient consideration...."); *Anand v. National Republic Bank of Chicago (In re Anand)*, 239 B.R. 511, 517 (N.D.Ill.1999)("There is no dispute that collateralization of an antecedent debt confers value on the debtor, since the bankruptcy statute's definition of 'value' includes 'securing of a present or antecedent debt of the debtor.'"); *In re Countdown of Connecticut, Inc.*, 115 B.R. 18, 21 (Bankr. D.

6

Conn.1990)(pursuant to "Code §548(d)(2)(A) an antecedent debt constitutes value for the granting of a security interest" and "the transfer of the security interest by [a] debtor [does] not have to be contemporaneous with the defendant's loan to the debtor"); *see also*, *In re Trace Int'l Holdings, Inc.*, 301 B.R. 801, 805 (Bankr. S.D.N.Y. 2003)("Past consideration is good consideration.").

Similarly, the Trustee's Motion for Summary Judgment cannot be granted on the allegation of actual fraudulent intent. A cause of action under Section 548(a)(1)(A), based on actual fraudulent intent, typically requires the court to weigh conflicting evidence regarding the defendant's intent. As at least one court has noted: "the determination whether the transfer was made with fraudulent intent is a question of fact that is rarely susceptible to resolution at the summary judgment stage". *In re Polichuk*, 506 B.R. 405, 418 (Bankr. E.D. Pa. 2014).

The perfection of a security interest in property purchased using monies loaned by the creditor, standing alone, is insufficient to show, as a matter of law, an "actual intent to hinder, delay, or defraud any entity" as is required for the Trustee to prevail under §548(a)(1)(A). Moreover, there were no "badges of fraud" allegations or analysis presented in the Complaint or the Motion for Summary Judgment. And, as previously stated, no affidavit has been filed in this case.

Accordingly, the Plaintiff-Trustee's Motion for Summary Judgment on a fraudulent conveyance theory must be denied.

While the fraudulent transfer cause of action fails, in part, because of the existence of an antecedent debt, the existence of an antecedent debt is a necessary element of the

Trustee's action to avoid the lien on the Harley Davidson motorcycle as a preferential transfer under §547(b).

The requirements for a preferential transfer are:

> Subject to the defenses provided in subsection (c), the trustee may avoid any transfer of an interest of the debtor in property that was made -
>
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
> * * * * * *
> (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider,
> and
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided
> by the provisions of this title.

11 U.S.C. §547(b).

Under Rule 8(b)(6) of the Federal Rules of Civil Procedure, as made applicable by Rule 7008(a) of the Federal Rules of Bankruptcy Procedure, the effect of Robert Wurst's failure to deny the allegations in the Complaint, except any allegation relating to the amount of the Debtor's damages, means that those allegations are deemed admitted. Fed.R.Civ.P. 8(b)(6).

The Complaint alleges that a transfer was made, in the form of the granting of a

13-03032-jpg    Doc 28    FILED 06/03/14    ENTERED 06/03/14 16:49:48    Page 8 of 13

security interest in the 2006 Harley Davidson motorcycle (Complaint, ¶9, *see also*, Answer of Defendant Robert Wurst).

The Complaint further stated several of the elements that would make that transfer of a security interest a preference under Section 547(b): 1) that the transfer was "in favor" of Defendant Robert Wurst (Complaint, ¶9 [Doc. #1], *see also*, Answer of Defendant Robert Wurst); 2) that the transfer was made on account of an antecedent debt (Complaint, ¶17, *see also*, Answer of Defendant Robert Wurst); 3) that Robert Wurst was an "insider" under the Bankruptcy Code and the transfer was made within one year of the Debtor filing his Chapter 7 bankruptcy Petition (Complaint, ¶¶9, 16 & Exhibit A, *see also*, Answer of Defendant Robert Wurst; *In re Winn*, 127 B.R. 697 (Bankr. N.D. Fla. 1991)(father-in-law is an "insider" under §101(31)); and, 4) that the transfer enabled the creditor to receive more than the creditor would have received in a Chapter 7 case if the transfer had not been made (Complaint, ¶18).

The difficulties arise in the Complaint's allegations that the Debtor was insolvent. (Complaint, ¶13);

In *Guarino*, the Sixth Circuit Court of Appeals directed that in reviewing a Motion for Summary Judgment, the court should not accept obvious errors in the Motion. *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir.1992)("The court, for example, must not overlook the possibility of evidentiary misstatements presented by the moving party, . . ."). The Motion for Summary Judgment states that: "Robert Wurst admits that he placed the lien on the title to Debtor's motorcycle in January 2012 on account of debt incurred in May 2011. Further, public records indicate that the lien was placed on January 5, 2012,

which was less than 90 days prior to Debtor's Chapter 7 filing." Motion for Summary Judgment, at 5. [Doc. #23].

The statement that the transfer was made within 90 days of the filing date appears to be incorrect. The number of days from the transfer of the security interest on or about January 5, 2012, to the filing of the Chapter 7 petition on April 30, 2012, is greater than 90 days. Accordingly, the presumption of insolvency under §547(f) does not appear to apply.

Moreover, the allegation that "at the time of the Transfer the Debtor was insolvent or became insolvent shortly after the Transfer was made", even if it is deemed admitted, is insufficient to serve as a basis for finding that the insolvency element of §547(b) has been satisfied. *Id*. While Rule 8(d)(2) permits pleading in the alternative, the allegation regarding insolvency is stated in a single sentence, contained in a single paragraph. Thus, even taking the allegation as admitted for purposes of these defendants: that the Debtor was insolvent OR became insolvent shortly after the transfer was made, the second alternative (that the debtor became insolvent at some unspecified future time "shortly" after the transfer was made) does not satisfy one of the elements necessary to make the payments to the Defendants a preferential transfer. The Bankruptcy Code specifically requires that the transfer was "made while the debtor was insolvent". *See*, Section 547(b)(3).

"[A] 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir.2007). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. *See*, 10A Wright, Miller & Kane, Federal Practice and Procedure §2688 (3d ed.

10

Supp.2010)("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

For a transfer to be an avoidable preference, the debtor must be 'balance sheet insolvent' at the time transfer is made. This is in contrast to the insolvency requirement for a "constructively fraudulent" transfer under §548(a)(1)(B), which allows avoidance if the debtor is insolvent "or became insolvent as a result of the transfer."

As Collier on Bankruptcy explains:

> Unlike property transferred with actual intent to defraud, hinder or delay the debtor's creditors, property transferred as payment or security for a valid, although antecedent, debt is to be considered as part of the debtor's assets in determining the debtor's solvency at that time.

5 Collier on Bankruptcy, ¶547.03[5] at 547-32 (16th ed. 2013); *see also, In re K & R Mining, Inc.,* 103 B.R. 136, 140 (Bankr.N.D.Ohio 1988)("[T]he debt that was to be extinguished by such transfer is also to be included in determining the debtor's liabilities."); *In re Emergency Monitoring Technologies, Inc.*, 366 B.R. 476, 491 (Bankr. W.D. Pa. 2007).

Accordingly, the Debtor becoming insolvent "shortly after the Transfer" is insufficient. "Because a debtor must be insolvent on the date of the transfer in order for the [Plaintiff] to be successful in a claim based on §547(b), it follows that the [Plaintiff] must allege facts sufficient to show that such insolvency is plausible." *In re Caremerica, Inc.*, 409 B.R. 737, 752 (Bankr. E.D.N.C. 2009); *see also*, *In re Classicstar, LLC*, 2011 WL 652744, 2011 Bankr. LEXIS 558 (6th Cir. BAP Feb. 24, 2011)(failure to allege element of a fraudulent transfer); *and see generally*, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d

929 (2007). Here, the Complaint fails to allege one of the necessary elements of preference: Insolvency at the time of the transfer.

Moreover, the pleadings related to the preference allegations against Defendant Wurst do not meet the standards required by the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009):

> We turn to respondent's complaint. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

Here, there is not even a "formulaic recitation of the elements" because one of the necessary elements - balance sheet insolvency at the time of the transfer - is missing.

The Motion for Summary Judgment references the pleadings filed by the Chapter 7 Debtor as evidence the court should consider in deciding the Summary Judgment Motion. But, the court cannot take judicial notice of the "truth" of the contents of the Debtor's Schedules. *See, In re Leslie*, 181 B.R. 317, 322 (Bankr. N.D. Ohio 1995)(Krasniewski, J.)("the actual truth of the assertions contained in a Debtor's bankruptcy schedules cannot readily be ascertained and such assertions are not the proper subject of judicial notice."); *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re James*, 300 B.R 890, 895 (Bankr. W.D. Tex. 2003); *In re Scarpinito*, 196 B.R. 257, 267 (Bankr. E.D.N.Y. 1996)("While a bankruptcy judge may take judicial notice of a bankruptcy court's records

... we may not infer the truth of facts contained in documents, unfettered by rules of evidence or logic, simply because such documents were filed with the court."); *In re Blumer*, 95 B.R. 143, 147 (9th Cir. BAP 1988); *Matter of Annis*, 78 B.R. 962 (Bankr. W.D. Mo. 1987)(Statements in bankruptcy schedules relating to issue of debtors' insolvency were not admissible, in order to establish debtors' insolvency at time of alleged fraudulent transfer); *In re W.P. Hickman Systems, Inc.*, 2012 WL 2905446 (Bankr. W.D. Pa. July 16, 2012)("A distinction is recognized between taking judicial notice of the filing and existence of the documents and the truth of the factual assertions contained in the documents."); Barry Russell, Bankruptcy Evidence Manual, §201:5 (2013-2014 ed.).

As previously noted, no affidavits were filed in this adversary case.

Accordingly, the Motion for Summary Judgment has failed to establish that Plaintiff is entitled judgment as a matter of law under Rule 56.

**THEREFORE**, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 23] be, and hereby is, **DENIED**.

**IT IS FURTHER ORDERED** that this matter is set for further pre-trial on Tuesday, July 8, 2014 at 10:30 a.m.