The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: June 3 2014

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: Robert E. Logan ) | Case No. 12-32060 |
| ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Adv. Pro. No. 13-3032 |
| Douglas A. Dymarkowski, Trustee, ) | |
| ) | Judge John P. Gustafson |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Robert E. Wurst, Denis C. Logan and Sandra K. ) | |
| Logan, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF DECISION AND ORDER REGARDING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS DENIS C. LOGAN AND SANDRA K LOGAN

This Adversary Proceeding is before the court on Plaintiff's unopposed Motion for Summary Judgment [Doc. #24]. Plaintiff is the Trustee in the underlying Chapter 7 case filed by Debtor Robert E. Logan on April 30, 2012. In the Trustee's Complaint [Doc. #1], Plaintiff seeks to recover payments made to Denis C. Logan and Sandra K. Logan as preferential transfers under 11 U.S.C.

Section 547(b).

The Complaint alleges that Denis Logan is the father of the Debtor. Complaint, ¶6 [Doc. #1]. It also alleges that Sandra Logan is the mother of the Debtor. Complaint, ¶7.

The Complaint states that jurisdiction and venue are proper. It does not allege that the proceeding is core under 28 U.S.C. §157(a).[1]

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine avoidance of fraudulent conveyances and preferential transfers are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(F) and (H). For the reasons that follow, Plaintiff's Motion for Summary Judgment will be denied.

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In reviewing a motion for summary judgment, however, all reasonable inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings,

---

[1]/ Federal Rule of Bankruptcy Procedure 7008(a) requires that a complaint commencing an adversary proceeding state whether the proceeding is core or non-core.

depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*. When a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Rule 56 before granting the motion. *See, Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir.1992); *In re Weldon Stump & Co.*, 383 B.R. 435 (Bankr. N.D. Ohio 2008).

In the Third Cause of Action[2], the allegation is made that a preferential transfer of $800 was made to Defendant Denis Logan on or about Febuary19, 2012. Complaint, ¶19. The Complaint also alleges that Defendant Sandra Logan received a preferential payment of $600 on the same date. Complaint, ¶19. The Complaint further alleges that the Third Cause of Action Defendants, Denis Logan and Sandra Logan, were insiders as defined by 11 U.S.C. §101(31), and that the transfers were made within 90 days of the Debtor's bankruptcy filing. Complaint, ¶20. In addition, the Compliant alleges that the payments were made to Defendants "on account of antecedent debt owed by the Debtor to said Defendants before Payments were made." Complaint, ¶21. Finally, the Complaint states that these payments allowed the Defendants to receive more than they would have

---

[2]/ The first and second causes of action are unrelated fraudulent transfer and preference claims against the Debtor's father-in-law, Robert Wurst.

3

received in the Chapter 7 case, if the payments had not been made. Complaint, ¶22. Accordingly, the Complaint alleges that the transfer may be avoided under §547 and are recoverable by the Plaintiff/Trustee pursuant to 11 U.S.C. §550. Complaint, ¶23.

The paragraph commencing the Third Cause of Action[3] states: "The Plaintiff restates all of his pervious allegations as if fully rewritten herein." However, there is no specific allegation of insolvency at the time of the transfers of $800 and $600 to the Defendants in the Third Cause of Action. The only allegation relating to insolvency is in paragraph 13, in the First Cause of Action against Defendant Robert E. Wurst, in what appears to be an unrelated transfer.

No affidavits have been filed in this adversary case by any party.

The Defendants, Denis Logan and Sandra Logan, jointly filed a document *pro se* stating in pertinent part that they had: 1) loaned or given money to their son, Chapter 7 Debtor Robert E. Logan; 2) that the loans were in small amounts and were for necessary expenses; 3) they did not dispute the total amounts paid to them, but stated that "it was not in a lump sum it was a little at a time"; and, 4) that the Defendants did not keep an accounting of the payments from the Chapter 7 Debtor.

Defendants' response was docketed as an Answer to the Complaint [Doc. #11]. "A pro se pleading such as Defendant's answer, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estell v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)." *In re Wagner*, 2012 WL 1605945 (Bankr. N.D. Ohio May 8, 2012)(Whipple, J.).

---

[3]/ The paragraph is miss-numbered "15". A paragraph 15 also commences the Second Cause of Action.

4

The Trustee's Motion for Summary Judgment asserts that jurisdiction and venue are proper, and that this Adversary is a core proceeding. Motion for Summary Judgment Against Denis Logan & Sandra Logan, [Doc. #24]. The Motion seeks Summary Judgment on the Third Cause of Action for avoidance of preferential transfers made to Defendants Denis Logan and Sandra Logan. No response to the Motion for Summary Judgment was filed by Defendants Denis Logan and Sandra Logan.

The Bankruptcy Code allows the bankruptcy estate to recover certain payments as "preferences", even if those payments were made toward valid debts. Whether a payment made before the filing of bankruptcy is recoverable is based upon a test set forth in 11 U.S.C. Section 547(b):

> Subject to the defenses provided in subsection (c), the trustee may avoid any transfer of an interest of the debtor in property that was made -
>
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
> * * * * * *
> (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider, and
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. §547(b).

When a defendant fails to deny the allegations in a Complaint (except any allegation relating

to the amount of the Debtor's damages) those allegations are deemed admitted. *See*, Fed.R.Civ.P. 8(b)(6); Fed.R.Bankr.P. 7008(a).

The Motion for Summary Judgment must be denied for two reasons. First, the Defendants' Answer, construed most favorably to the Defendants, denies the allegation that both of the payments were made on or about the 19th day of February, 2012. *See*, Defendant's Answer [Doc. #11] ("He may have paid that much back but it was not in a lump sum it was a little at a time. . . "). Because there is no admission of the timing of the payments, and no affidavit was filed by the Plaintiff, there remains a disputed fact as to when, and in what amounts, the payments were made to the Defendants.

Second, the only allegation regarding insolvency is found in the First Cause of Action, and that allegation does not support the granting of Summary Judgment on the Third Cause of Action. The First Cause of Action does not relate to these Defendants, Denis Logan and Sandra Logan.[4] Instead, it relates to an alleged transfer of a security interest made to the Debtor's father-in-law,

---

[4]/ Here, the Complaint is against unrelated parties (Mr. Wurst and the Logans) who do not appear to be properly joined under Fed.RCiv.P. 20(a), made applicable in adversary proceedings through Fed.R.Bankr.P. 7020.

"Rule 20(a) contemplates two tests for joinder: 1) the occurrence of some question of fact or law common to all parties; and 2) the existence of a right to relief predicated upon or arising out of a single transaction or occurrence or series thereof. Both tests must be satisfied if joinder is to be permitted." *In re Conners*, 125 B.R. 611, 614 (Bankr.S.D.Cal.1991); *see, e.g., Holcomb v. Norwest Financial, Inc.*, 217 B.R. 239, 241 (N.D.Ill.1998). Although the rule permitting joinder is liberally construed, a court does not have the discretion to permit joinder when a party has failed to meet both tests. *Accord Gruening v. Sucic*, 89 F.R.D. 573 (E.D.Pa.1981). Moreover, of these two tests, the requirement of "transactional relatedness" is more difficult to establish than the requirement of a common question. Coquillette, et al., 4 *Moore's Federal Practice 3d*, §§ 20.02[1][a], 20.05[1] (1999)." *In re Nuclear Imaging Systems, Inc.*, 277 B.R. 59, 62 (Bankr. E.D. Pa. 2002); *see also, In re Criddle*, 2009 WL 2524341, (Bankr. D. Idaho August 14, 2009)(motorcycle and preference actions against separate defendants were misjoined).

While the court may not dismiss the entire action, it has broad remedial powers that can be exercised *sua sponte* where parties are misjoined: Federal Rule of Civil Procedure 21, made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7021. Rule 21 states, in pertinent part: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

Robert Wurst, at a time other than February 19, 2012. Complaint, ¶¶8-18.

Even if the court were to find that these Defendants had an obligation to admit or deny an allegation made against another defendant on a separate transaction, the allegation made in the First Cause of Action cannot support a finding of insolvency for purposes of a preference under Section 547. Complaint, ¶13.

The allegation that "at the time of the Transfer the Debtor was insolvent or became insolvent shortly after the Transfer was made", even if it is deemed admitted, is insufficient to serve as a basis for finding the insolvency element of §547(b) has been satisfied. *Id*. While Rule 8(d)(2) permits pleading in the alternative, the allegation regarding insolvency (made in connection with a separate transfer to a different defendant), is stated in a single sentence, contained in a single paragraph. Thus, even taking the allegation as admitted for purposes of these defendants: that the debtor was insolvent OR became insolvent shortly after the Transfer was made, the second alternative (that the debtor became insolvent at some unspecified future time "shortly" after the Transfer was made) does not satisfy one of the elements necessary to make the payments to the Defendants a preferential transfer. The Bankruptcy Code specifically requires that the transfer was "made while the debtor was insolvent". *See*, Section 547(b)(3).

"[A] 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir.2007). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. *See*, 10A Wright, Miller & Kane, Federal Practice and Procedure §2688 (3d ed. Supp.2010)("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that

7

must be established in order to determine liability.").

For a transfer to be an avoidable preference, the debtor must be 'balance sheet insolvent' at the time transfer is made. This is in contrast to the insolvency requirement for a "constructively fraudulent" transfer under §548(a)(1)(B), which allows avoidance if the debtor is insolvent "or became insolvent as a result of the transfer."

Moreover, as Collier on Bankruptcy explains:

> Unlike property transferred with actual intent to defraud, hinder or delay the debtor's creditors, property transferred as payment or security for a valid, although antecedent, debt is to be considered as part of the debtor's assets in determining the debtor's solvency at that time.

5 Collier on Bankruptcy, ¶547.03[5] at 547-32 (16th ed. 2013); *see also, In re K & R Mining, Inc.*, 103 B.R. 136, 140 (Bankr.N.D.Ohio 1988)("[T]he debt that was to be extinguished by such transfer is also to be included in determining the debtor's liabilities."); *In re Emergency Monitoring Technologies, Inc.*, 366 B.R. 476, 491 (Bankr. W.D. Pa. 2007).

Accordingly, the Debtor becoming insolvent "shortly after the Transfer" is insufficient, even if that allegation had been specifically made as to payments made to these Defendants (which it was not). "Because a debtor must be insolvent on the date of the transfer in order for the [Plaintiff] to be successful in a claim based on §547(b), it follows that the [Plaintiff] must allege facts sufficient to show that such insolvency is plausible." *In re Caremerica, Inc.*, 409 B.R. 737, 752 (Bankr. E.D.N.C. 2009); *see also*, *In re Classicstar, LLC*, 2011 WL 652744, 2011 Bankr. LEXIS 558 (6th Cir. BAP Feb. 24, 2011)(failure to allege element of a fraudulent transfer); *and see generally*, *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Here, the Complaint fails to allege one of the necessary elements of preference - insolvency - against these Defendants. The

presumption of insolvency under §547(f), even if it could be applied in the absence of an allegation of insolvency, is inapplicable on Summary Judgment in a case such as this where the Answer has denied the allegation in Plaintiff's Complaint that the transfers occurred on or about February 19th, 2012. [Doc. #11].

Moreover, the pleadings related to the preference allegations against Denis Logan and Sandra Logan do not meet the standards required by the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009):

> We turn to respondent's complaint. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

Here, there is not even a "formulaic recitation of the elements" because one of the necessary elements - balance sheet insolvency at the time of the transfer - is missing.

The Motion for Summary Judgment references the pleadings filed by the Chapter 7 Debtor as evidence the court should consider in deciding the Summary Judgment Motion. But, the court cannot take judicial notice of the "truth" of the contents of the Debtor's Schedules. *See, In re Leslie*, 181 B.R. 317, 322 (Bankr. N.D. Ohio 1995)(Krasniewski, J.)("the actual truth of the assertions contained in a Debtor's bankruptcy schedules cannot readily be ascertained and such assertions are not the proper subject of judicial notice."); *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re James*, 300 B.R 890, 895 (Bankr. W.D. Tex. 2003); *In re Scarpinito*,

9

196 B.R. 257, 267 (Bankr. E.D.N.Y. 1996)("While a bankruptcy judge may take judicial notice of a bankruptcy court's records ... we may not infer the truth of facts contained in documents, unfettered by rules of evidence or logic, simply because such documents were filed with the court."); *In re Blumer*, 95 B.R. 143, 147 (9th Cir. BAP 1988); *Matter of Annis*, 78 B.R. 962 (Bankr. W.D. Mo. 1987)(Statements in bankruptcy schedules relating to issue of debtors' insolvency were not admissible, in order to establish debtors' insolvency at time of alleged fraudulent transfer); *In re W.P. Hickman Systems, Inc.*, 2012 WL 2905446 (Bankr. W.D. Pa. July 16, 2012)("A distinction is recognized between taking judicial notice of the filing and existence of the documents and the truth of the factual assertions contained in the documents."); Barry Russell, Bankruptcy Evidence Manual, §201:5 (2013-2014 ed.).

As previously noted, no affidavits were filed in this adversary case.

Accordingly, the Motion for Summary Judgment has failed to establish that Plaintiff is entitled judgment as a matter of law under Rule 56.

**THEREFORE**, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. #24] be, and hereby is, **DENIED**.

**IT IS FURTHER ORDERED** that this matter is set for further pre-trial on Tuesday, July 8, 2014 at 10:30 a.m.